AMERICAN ENGINEERING SPECIALTY CO. V. DELIA O'BRIEN.

FRAUDULENT INTENT MUST BE CLEARLY SHOWN TO JUSTIFY ATTACHMENT.
 Constructive fraud or even such evidence of fraud as might justify setting
 aside a conveyance will not be sufficient to sustain an attachment; for
 such purpose, the fraudulent intent must be clearly shown.

ERROR to Hamilton common pleas court.

Rogers Wright and J. B. O'Neal, for plaintiffs in error.

A. A. Ferris and W. B. Morrow, for defendants in error.

JELKE, J.

Error is prosecuted to this court [in American Engineering Specialty Co. v. Delia O'Brien and Crane-Hawley Co. v. Thomas J. Conner et al.] to an order of the court of common pleas vacating and discharging an attachment. The affidavit for attachment charges:

"* * * that the defendants, and each of them, have assigned and disposed of a part of their property with intent to defraud their creditors; that they are about to convert a part of their property into money, for the purpose of placing it beyond the reach of their creditors, and have converted a part of their property into money, for the purpose of placing it beyond the reach of their creditors," etc.

The issue made and tried below is a determination of the question: Did Delia O'Brien and Patrick O'Brien dispose of any of the property of the firm of John O'Brien & Company with intent to defraud the creditors of said firm?

To sustain an attachment, actual intent to defraud must be clearly shown. Constructive fraud, and even such evidence of fraud as might justify setting aside a conveyance, have been held not sufficient to sustain an attachment. Remembering this rule, and the rule that a reviewing court will not disturb the finding of the trial court unless its decision is manifestly against the weight of the evidence, we are of opinion that the record in these cases does not require or justify a reversal.

We think the opinion of the trial court, *American Eng. Spec. Co.* v. *O'Brien,* 15 Dec. 749, on the evidence is a correct view of the facts in these cases.

Judgment will be affirmed.

Swing and Giffen, JJ., concur.